UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-62583-CIV-COHN/SELTZER

ROLANDO REYES and CARIDAD REYES,

    Plaintiffs,

v.

BJ'S RESTAURANTS, INC.,

    Defendant.
                                             /

## **OMNIBUS ORDER**

**THIS CAUSE** is before the Court on Defendant's Motion for Summary Judgment [DE 50], Defendant's Motion to Strike Affidavit of David M. Gill and David M. Gill as a Witness [DE 68] ("Motion to Strike"), and Plaintiffs' Rule 56(d) Motion to Defer Considering or Deny Defendant's Motion for Summary Judgment [DE 71] ("Rule 56(d) Motion") (collectively, "Motions"). The Court has considered the Motions, all relevant briefing, and the record in this case, and is otherwise advised in the premises.

## **I. Background**

### **A. Factual Background**

On October 11, 2015, Plaintiffs Rolando and Caridad Reyes were patronizing a BJ's Restaurant in Pembroke Pines, Florida. DE 49 ¶ 2; DE 1-1 at 1-2 ¶¶ 4, 7-8.[1] The

---

[1] Plaintiffs did not to file a statement of material facts in opposition to Defendant's Motion for Summary Judgment, as required by Southern District of Florida Local Rule 56.1(a). Local Rule 56.1(b) unambiguously sets forth the consequences for a nonmoving party's failure to do so: "All material facts set forth in the movant's statement filed and supported as required [by Rule 56.1(a)] will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."
    Because Plaintiffs, the nonmoving parties, have "failed to comply with Local Rule 56.1—the only permissible way for [them] to establish a genuine issue of material fact at [this] stage—the court has before it the functional analog of an unopposed motion for summary judgment." Reese v.

restaurant is operated by Defendant BJ's Restaurants, Inc. Id. at 1 ¶ 4. At the time, Rolando was 84 years old; Caridad was 77 years old. DE 49-1 at 5:5-6; DE 49-2 at 6:21-22. Following dinner, Rolando left table and walked around the back of the restaurant toward the restroom. DE 49-1 at 34:1-18. As he left the restroom and headed back to the table, Rolando slipped and fell prior to reaching some steps at the front of the restaurant. Id. at 34:22-35:5, 37:13-14, 59:23-25. Rolando does not know whether the steps or anything on the floor caused him to slip. Id. at 36:2-15, 37:15-16, 38:9-14. Nor did Rolando (or any family member present with him that evening) inspect the floor or steps to find out what might have caused him to slip. Id. at 42:10-13, 53:12-17, 60:7-12; DE 49-2 at 38:14-18, 40:10-17.

Eight minutes and ten seconds after Rolando slipped and fell, Caridad slipped and fell prior to reaching same steps. Id. at 43:21-25. Like Rolando, Caridad slipped while returning from the restroom at the back of the restaurant. DE 49-2 at 43:21-44:12. And like Rolando, Caridad does not know what caused her to fall, and made no effort after the fact to determine what caused her to fall. Id. at 44:13-19, 46:8-16, 47:15-18, 49:14-50:10.

Closed-circuit television video ("CCTV") footage from the restaurant shows that, in the five minutes before Rolando's fall, at least 16 people traversed the steps, all

---

Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008). That does not mean, however, that Defendant is "absolved of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (alterations and internal quotation marks omitted). Defendant continues "to shoulder the initial burden of production in demonstrating the absence of any genuine issue of material fact, and the court must satisfy itself that the burden has been satisfactorily discharged." Reese, 527 F.3d at 1268; see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court will therefore confine its review to the materials submitted by Defendant in support of its Motion for Summary Judgment. Mann, 588 F.3d at 1303.

2

without incident. CCTV Footage at 11:08-16:08.[2] And in the time between Rolando and Caridad's falls, at least 28 people utilized the steps, all without incident. Id. at 16:08-24:28. The CCTV footage also shows that neither Caridad nor Rolando used either of the two handrails located at the sides of the steps. Id. at 16:08, 24:28.

After the incidents, the restaurant's senior managers on duty that day, Alexander Torrens and Gerardo Chavez, inspected the steps and the area of the floor in and around the steps, and did not see anything (slippery or otherwise). DE 49-3 at 106:23-107:17, 115:1-16; DE 49-4 at 56:23-58:17, 65:10-66:1. They also spoke to the restaurant's staff working that day, as well as Plaintiffs' family members, none of whom said that they saw anything on the floor that could have caused Plaintiffs to slip and fall. DE 49-3 at 108:4-7, 108:20-25, 110:13-111:14, 112:5-12, 115:24-116:5; DE 49-4 at 58:18-22, 60:14-61:18.

Both Rolando and Caridad testified during their depositions that they have no evidence of Defendant's knowledge of any alleged slippery condition on the floor and no evidence that the floor was inherently slippery. DE 49-1 at 36:12-15, 54:1-13; DE 49-2 at 50:12-14, 89:5-90:5. Finally, and as already noted, Rolando and Caridad also testified that they do not know what caused them to fall.

### B. Procedural Background

On January 24, 2017, Plaintiffs filed this suit against Defendant in the Seventeenth Judicial Circuit Court of Florida, Broward County. See DE 1-1 at 18-25. An amended complaint was filed on June 28, 2017. See id. at 1-10. The amended complaint states two counts of negligence—the first with respect to Rolando's slip and fall; the second with respect to Caridad's. Id. at 3-9 ¶¶ 15-40. Both the original

---

[2] Plaintiffs have conventionally filed their CCTV footage with the Clerk of Court. DE 51.

complaint and the amended complaint made a generic plea for damages exceeding $15,000, exclusive of interest and costs. Id. at 1 ¶ 1, 18 ¶ 1. On December 1, 2017, in response to Defendant's request for admissions, Plaintiffs admitted that the total amount of damages they seek exceeds $75,000. See DE 1-2 at 14-19.

Following Plaintiffs' admission, on December 29, 2017, Defendant removed the case to this Court, citing diversity of citizenship. DE 1; see 28 U.S.C. §§ 1332(a), 1441(b). There is no dispute that diversity jurisdiction exists. The parties are completely diverse—Plaintiffs are Florida citizens who reside in Miami-Dade County, Florida [DE 1-1 at 1 ¶¶ 2-3]; Defendant is a California corporation with its principal place of business in Huntington Beach, California [DE 1-3; see 28 U.S.C. § 1332(c)]. And, as noted, Plaintiffs have admitted that the statutory amount in controversy has been met.[3]

On February 5, 2018, more than five weeks after the case was removed, Plaintiffs' counsel moved to withdraw. DE 11. The Court permitted counsel to do so ten days later, stayed the case until March 19, 2018, and extended certain pre-trial deadlines. DE 17.

On March 26, 2018, Plaintiffs' current counsel entered her appearance and filed a motion for leave to file a second amended complaint in order to add an additional,

---

[3] There is also no dispute that Defendant's removal was proper. In a case such as this, where the removability of a state court action is not apparent from the plaintiff's initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). And where, as here, "the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." Id. § 1446(c)(3)(A); see Lambertson v. Go Fit, LLC, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) ("Courts have held that responses to request for admissions, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b)." (internal quotation marks omitted)). Defendant first learned of the case's removability on December 1, 2017, and filed its notice of removal on December 29, 2017, within the 30-day window. And since this case was first filed on January 24, 2017, Defendant's removal satisfies the requirement that a diversity case be removed no later than one year after commencement of the action. See 28 U.S.C. § 1446(b)(1).

non-diverse defendant and remand the case to state court.  DE 20.  The Court denied Plaintiffs' motion without prejudice due to their failure to attach a proposed amended complaint or state with particularity the grounds upon which they sought leave to amend.  DE 28 at 3-4.  On April 23, 2018, Plaintiffs filed a renewed motion for leave to amend and remand, this time with a proposed second amended complaint attached.  DE 37.  The Court denied that motion on June 7, 2018.  DE 43.

Defendant now moves for summary judgment and to strike one of Plaintiffs' proposed expert witnesses.  Plaintiffs, for their part, ask the Court to defer ruling on or to deny the Motion for Summary Judgment so they may conduct additional discovery.

## II. Rule 56(d) Motion

Federal Rule of Civil Procedure 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Contending that they have not had sufficient time to conduct discovery, Plaintiffs seek relief from the Court under Rule 56(d).

### A. Legal Standard

Rule 56(d) reflects the principle that "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion."  Jones v. City of Columbus, 120 F.3d 248, 253 (11th Cir. 1997) (per curiam).  As the Eleventh Circuit explained in Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865 (11th Cir. 1988):

5

> The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

Id. at 870 (citations omitted).

"Courts cannot read minds," however, "so the nonmoving party must give more than vague assertions that additional discovery will produce needed, but unspecified, facts." Urquilla-Diaz v. Kaplan Univ., 780 F.3d 1039, 1063 (11th Cir. 2015) (internal quotation marks omitted). The party invoking Rule 56(d) "must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843 (11th Cir. 1989) (per curiam) (internal quotation marks omitted). Thus, "the party opposing the motion for summary judgment bears the burden of calling to the district court's attention any outstanding discovery." Urquilla-Diaz, 780 F.3d at 1063 (quoting Snook, 859 F.2d at 871).

### B. Discussion

According to Plaintiffs, because their current counsel did not begin representing them until March 26, 2018, they only had 80 days to conduct discovery. DE 71 at 2, 14-15; see DE 9 at 1 (setting fact discovery deadline for May 31, 2018 and expert discovery deadline for June 14, 2018); DE 40 (extending fact discovery to June 14, 2018). And that amount of time, Plaintiffs say, was not enough for them to adequately respond to Defendant's Motion for Summary Judgment.

6

The Court disagrees. As noted in the Court's discussion of this case's procedural history, Plaintiffs first initiated this suit in January 2017. The parties engaged in discovery in state court throughout much of 2017, until Defendant removed the case to this Court on December 29, 2017. And once the case was removed, the Court entered a Scheduling Order on January 30, 2018 allotting the parties 135 days for discovery. DE 9.[4] That Plaintiffs' present counsel did not enter the case until midway through the discovery period in this Court does not mean that Plaintiffs have not been given sufficient time to conduct discovery—both in this Court and in state court. "There is no principle that each new attorney for a litigant must have an independent opportunity to conduct discovery. Shortcomings in counsel's work come to rest with the party represented. They do not justify extending the litigation, at potentially substantial expense to the adverse party." Carson v. Bethlehem Steel Co., 82 F.3d 157, 159 (7th Cir. 1996) (per curiam).

Plaintiffs' assertion that they have not been permitted enough time for discovery is further undermined by the fact that they did not move for an extension of the fact and expert discovery deadlines until May 9, 2018, a full six weeks after their current counsel first entered her appearance. See DE 39. Nor did Plaintiffs move for a stay of any deadlines while they sought to have the case remanded to state court. The Court will not reward Plaintiffs for their counsel's lack of diligence.

In any event, Plaintiffs do not state with specificity what additional discovery they seek. Indeed, Plaintiffs do not say at all what they hope to discover should the Court

---

[4] A discovery period of 135 days is standard for a case such as the present one. See S.D. Fla. L.R. 16.1(a)(2)(A) ("[A] relatively non-complex case requiring only one (1) to three (3) days of trial may be assigned to an expedited track in which discovery shall be completed within the period of ninety (90) to 179 days from the date of the Scheduling Order.").

grant their Rule 56(d) Motion. There are no noticed but uncompleted depositions. E.g., Duvall v. Infinity Sales Grp., LLC, 2014 WL 11412697, at *1 (S.D. Fla. Apr. 21, 2014) (granting Rule 56(d) motion when one party had yet to take the other's deposition); Singh v. Caribbean Airlines Ltd., 2013 WL 12104922, at *1 (S.D. Fla. Dec. 2, 2013) (Granting Rule 56(d) motion when there were "nine scheduled but not yet completed depositions, and various interrogatories already propounded," that would "likely provide evidence germane to [the nonmoving party's] opposition to the pending summary judgment motion."). Nor are there any pending motions to compel. E.g., Ceant v. Aventura Limousine & Transp. Serv., Inc., 2012 WL 12845624, at *1 (S.D. Fla. Aug. 13, 2012) (granting Rule 56(d) motion when plaintiff filed a motion to compel, had yet to receive the sought-after discovery, and "the very discovery that [p]laintiff requested" was being used by defendants "as a basis for their summary judgment motion").

In short, Plaintiffs do not come close to meeting their burden of persuading the Court to postpone ruling on or to deny Defendant's Motion for Summary Judgment in order to permit additional discovery. The Court will therefore deny Plaintiffs' Rule 56(d) Motion.

### III. Motion to Strike

In their Motion to Strike, Defendant asks that the Court strike Plaintiffs' proposed expert witness, David M. Gill.

### A. Legal Standard

Federal Rule of Civil Procedure 26(a)(2)(D) governs the timing of the disclosure of expert witnesses. As relevant here, it provides that "[a]bsent a stipulation or a court order, the disclosures must be made . . . at least 90 days before the date set for trial or

for the case to be ready for trial . . . ." Fed. R. Civ. P. 26(a)(2)(D)(i); see Knight ex rel. Kerr v. Miami-Dade Cty., 856 F.3d 795, 811 (11th Cir. 2017) ("Rule 26(a)(2)(D)(i) sets a default deadline in the event that the trial court does not set its own schedule."). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements is not aspirational." Reese v. Herbert, 527 F.3d 1253, 1266 (11th Cir. 2008) (internal quotation marks omitted).

Rule 26(a)'s expert disclosure rule is enforced by Rule 37(c)(1), which reads: "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  As Rule 37(c)(1)'s plain text indicates, "a district court clearly has authority to exclude an expert's testimony where a party has failed to comply with Rule 26(a) unless the failure is substantially justified or is harmless." OFS Fitel LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1363 (11th Cir. 2008) (emphasis deleted); see Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996) (Rule 37(c)(1)'s "sanction of exclusion is . . . automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless."). Substantial justification exists if "reasonable people could differ as to the appropriateness of the contested action." Kerr, 856 F.3d at 812 (quoting Maddow v. Procter & Gamble Co., 107 F.3d 846, 853 (11th Cir. 1997)). The burden of establishing that a failure to disclose was substantially justified or harmless rests with the nondisclosing party. Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009) (per curiam).

9

**B. Discussion**

Trial in this case is set for the two-week trial period commencing on September 4, 2018. DE 4 at 1. The deadline for expert disclosures was June 6, 2018, there being no stipulation or order setting another date. Plaintiffs first disclosed Mr. Gill on June 3, 2018, but as a lay witness. DE 58 at 5-6. Plaintiffs did not inform Defendant that Mr. Gill would serve as an expert until Plaintiffs filed an affidavit by Mr. Gill on July 9, 2018 [DE 63], more than two weeks after Defendant filed its Motion for Summary Judgment, and over a month after the expert disclosure deadline. Plaintiffs do not dispute that they belatedly disclosed Mr. Gill. See DE 74 at 15 (Plaintiffs admit that they "inadvertently miss[ed] the 90-day default deadline with respect to timing of expert disclosures").

The question, then, is whether Plaintiffs' late disclosure is substantially justified or harmless. Plaintiffs offer the following justification: until June 7, 2018 (one day after the expert disclosure deadline), they "rightfully believed that the restaurant's floor being wet and/or slippery on the day they were injured as depicted on the store camera video was not really an issue in this case that would necessitate Mr. Gill's involvement as an expert witness." Id.

Put charitably, Plaintiffs' excuse for their late disclosure of Mr. Gill strains credulity. Plaintiffs' Amended Complaint alleges at least 20 times that Defendant's floor was slippery and that Plaintiffs slipped and fell as a result of the floor's slippery condition. See DE 1-1 at 2-9 ¶¶ 7, 8, 13, 14, 17, 18, 19, 20, 21, 22, 24, 26, 30, 31, 32, 33, 34, 35, 37, 39. And, as the Eleventh Circuit has observed, expert testimony is often necessary in slip-and-fall cases. See Rosenfeld v. Oceania Cruises, Inc., 654 F.3d 1190, 1194 (11th Cir. 2011) ("[M]atters of slip resistance and surface friction are beyond

the understanding and experience of the average lay citizen." (internal quotation marks omitted)).

Nor would excusing Plaintiffs' lack of diligence be harmless. To the contrary, Defendant would be severely prejudiced. Even assuming Mr. Gill's affidavit satisfies the requirements for written expert reports set forth in Rule 26(a)(2)(B), Defendant has had no opportunity to depose Mr. Gill, to proffer a rebuttal expert, or to file a Daubert motion. See Reese, 527 F.3d at 1265 ("[T]he expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." (internal quotation marks omitted)). Adherence to Rule 37(c)(1) and fairness to Defendant therefore require that Mr. Gill's affidavit be stricken.

## IV. Motion for Summary Judgment

The Court now turns to Defendant's Motion for Summary Judgment. Defendant's primary contention is that Plaintiffs have failed to make out a prima facie case of negligence.

### A. Legal Standard

The Court will grant summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett,

477 U.S. 317, 323 (1986). To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56, the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party may not rely merely on allegations or denials in its own pleading, but instead must come forward with specific facts showing a genuine issue for trial. Id. at 587.

As long as the nonmoving party has had ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249-50.

## B. Discussion

A negligence claim under Florida law consists of four elements: (1) a duty requiring the defendant to conform to a certain standard of conduct; (2) a breach by the defendant of that duty; (3) a causal connection between the breach and injury to the plaintiff; and (4) loss or damage to the plaintiff. See Clay Elec. Co-op., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003); Bartsch v. Costell, 170 So. 3d 83, 86 (Fla. 4th DCA

2015). Defendant's Motion for Summary Judgment focuses on the elements of duty and causation. The Court will consider each in turn.

1. <u>Duty</u>. A business open to the public owes certain duties to its invitees, namely, (a) to take ordinary and reasonable care to keep its premises reasonably safe for invitees, and (b) to warn of perils that were known or should have been known to the owner of which the invitee could not discover. <u>Lago v. Costco Wholesale Corp.</u>, 233 So. 3d 1248, 1250 (Fla. 3d DCA 2017). Defendant argues that Plaintiffs cannot establish that it knew or should have known about any slippery condition on the area of the floor where Plaintiffs slipped and fell.

Pursuant to Florida Statutes § 768.0755, a plaintiff in a slip-and-fall case must show that the business had actual or constructive knowledge of a dangerous condition created by a transitory foreign substance[5] that caused the plaintiff to slip and fall. <u>Publix Super Markets, Inc. v. Bellaiche</u>, 245 So. 3d 873, 876 (Fla. 3d DCA 2018). Section 768.0755 reads:

> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
>> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>>
>> (b) The condition occurred with regularity and was therefore foreseeable.
>
> (2) This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

---

[5] The term "transitory foreign substance" generally refers "to any liquid or solid substance, item or object located where it does not belong." <u>Owens v. Publix Supermarkets, Inc.</u>, 802 So. 2d 315, 317 n.1 (Fla. 2001).

13

Fla. Stat. § 768.0755.

In slip-and-fall cases presenting facts similar to the present case, Florida courts have not hesitated to grant summary judgment due to a plaintiff's inability to meet § 768.0755's knowledge requirement. In Lago v. Costco Wholesale Corp., for example, the Florida Third District Court of Appeal affirmed the grant of summary judgment for the defendant when—even though it was undisputed that the floor was wet and the plaintiff slipped and fell—the plaintiff failed to present facts suggesting that the defendant had actual notice of the liquid, that the liquid had been on the floor, or that such a condition happened with regularity. 233 So. 3d at 1251-52. In reaching this conclusion, Lago followed a line of recent decisions holding that evidence of the mere presence of a transitory foreign substance on the floor, without more, is insufficient to create a jury question on actual or constructive knowledge. See Encarnacion v. Lifemark Hospitals of Fla., 211 So. 3d 275, 278 (Fla. 3d DCA 2017); Wilson-Green v. City of Miami, 208 So. 3d 1271, 1274-76 (Fla. 3d DCA 2017); McCarthy v. Broward College, 164 So. 3d 78, 80-82 (Fla. 4th DCA 2015); Walker v. Winn-Dixie Stores, Inc., 160 So. 3d 909, 912-13 (Fla. 1st DCA 2014); Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011).

Here, the evidence is even weaker. As noted in the Court's summary of the undisputed material facts, nothing in the record indicates that there was even a transitory foreign substance on the floor. Both Plaintiffs admitted in their deposition testimony that they did not see anything on the floor before or after they fell, and do not know what caused them to slip. DE 49-1 at 36:2-15, 37:15-16, 38:9-14, 42:10-13, 53:12-17, 60:7-12; DE 49-2 at 38:14-18, 40:10-17, 44:13-19, 46:8-16, 47:15-18, 49:14-

14

50:14.  And even if there was a transitory foreign substance on the floor, both Plaintiffs have further conceded that they have no evidence that Defendant actually knew that there was such a substance on the floor when Plaintiffs slipped and fell.  DE 49-1 at 54:1-13; DE 49-2 at 89:5-90:5.

As to constructive notice, it is undisputed that two of Defendant's managers investigated the incident by inspecting the stairs and surrounding area right after Plaintiffs fell.  DE 49 ¶¶ 20-23.  The managers found no transitory foreign substance on the floor, or anything else wrong with the floor.  DE 49-3 at 106:23-107:17,115:1-16; DE 49-4 at 56:23-58:17, 65:10-66:1.  Finally, the CCTV footage shows that, in the five minutes before Rolando's fall, 16 people traversed the steps, all without incident.  CCTV Footage at 11:08-16:08.  And in the time between Rolando and Caridad's falls, 28 people utilized the steps, all without incident.  Id. at 16:08-24:28.  So nothing in the record suggests that a slippery condition—whether or not the result of a transitory foreign substance—was regular and therefore foreseeable.[6]  And Plaintiffs have not pointed the Court to any evidence to the contrary.[7]

---

[6] The record is devoid of any evidence suggesting that the restaurant's floor was inherently slippery.  As already observed, questions of inherent slipperiness typically require expert opinion.  See Rosenfeld v. Oceania Cruises, Inc., 654 F.3d 1190, 1194 (11th Cir. 2011) ("[M]atters of slip resistance and surface friction are beyond the understanding and experience of the average lay citizen." (internal quotation marks omitted)).  Because the Court has stricken Plaintiffs' belatedly disclosed expert witness, Plaintiffs cannot create a jury question with respect to the floor's inherently slippery condition.  Nor is there any evidence that the floor was not maintained in a normal and proper manner, any evidence that a foreign substance had been applied to the floor, or any evidence that there was a defect in the floor through wear or the passage of time.  See Partelow v. Edgar, 219 So. 2d 72, 73 (Fla. 4th DCA 1969).

[7] Plaintiffs do direct the Court to a portion of the restaurant's CCTV footage where it appears that one of Defendant's employees places towels on the floor for cleaning purposes.  See DE 85-1.  In Plaintiffs' view, this footage serves as evidence that Defendant had knowledge of a transitory foreign substance on the floor.  But the CCTV footage to which Plaintiffs cite is from the host stand near the entrance of the restaurant.  And it is undisputed that Plaintiffs fell in a different area of the restaurant.  See DE 49 ¶ 16; CCTV Footage at 16:08, 24:28.  Even viewing this evidence in the light most favorable to Plaintiffs, a reasonable jury could not infer, based on the implication that there was a slippery substance in another area of the restaurant, that Defendant had actual or constructive knowledge of a similar substance in the area where Plaintiffs slipped and fell.  See Food Fair Stores, Inc. v. Trusell, 131 So. 2d 730, 733 (Fla. 1961) ("It is apparent that a jury could not reach a conclusion imposing liability on

Because Plaintiffs cannot establish that Defendant had actual or constructive knowledge of any transitory foreign substance on the area of the floor where Plaintiffs slipped and fell—much less the existence of a transitory foreign substance or any other slippery condition—it follows that Plaintiffs cannot make out a prima facie case of negligence.

2. Causation. Even if Plaintiffs could show that Defendant breached some duty owed to them, they have altogether failed to introduce any evidence of a causal connection between their injuries and Defendant's breach of that duty.

"The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." Pope v. Pinkerton-Hays Lumber Co., 120 So. 2d 227, 229 (Fla. 1st DCA 1960); see Woodbury v. Tampa Waterworks Co., 49 So. 556, 559 (Fla. 1909). As explained, Plaintiffs have testified that they did not see anything on the floor before or after they fell, and do not know what caused them to slip. Nor was a slippery substance seen on the floor by anyone present with Plaintiffs that day or any of the Defendant's employees who inspected the floor. And altogether absent from the record is any evidence of a slippery condition on the floor.

Negligence may not be inferred from the mere happening of an accident alone. Winn Dixie Stores, Inc. v. White, 675 So. 2d 702, 703 (Fla. 4th DCA 1996). Without something more, "it is clear that [Plaintiffs'] case is grounded in no more than a guess or speculation, not founded on observable facts or reasonable inferences drawn from the

---

[Defendant] without indulging in the prohibited mental gymnastics of constructing one inference upon another inference in a situation where, admittedly, the initial inference was not justified to the exclusion of all other reasonable inferences."); Publix Super Markets, Inc. v. Bellaiche, 245 So. 3d 873, 876 (Fla. 3d DCA 2018) ("A jury may not stack inferences to determine that a party had actual knowledge of a dangerous condition . . . .").

record." Williams v. Sears, Roebuck & Co., 866 So. 2d 122, 124 (Fla. 4th DCA 2004). Guesswork and speculation are plainly insufficient to demonstrate causation. And without causation, Plaintiffs cannot make out a prima facie case of negligence. Entry of summary judgment in Defendant's favor is therefore in order.

### V. Conclusion

Today's disposition is perhaps as much a function of Plaintiffs' lack of evidence supporting their case as it is their failure to comply with the Federal Rules of Civil Procedure and this Court's Local Rules. Had Plaintiffs filed a statement of undisputed material facts, they may have advanced colorable evidence supporting their claims. Had Plaintiffs timely disclosed David M. Gill as an expert witness, Mr. Gill's opinions may have raised a factual question properly resolved by a jury. But Plaintiffs did neither of these things. And so their case is now at an end. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE 50] is **GRANTED**.

2. Defendant's Motion to Strike [DE 68] is **GRANTED**, and the Affidavit of David M. Gill [DE 63] is **STRICKEN**.

3. Plaintiffs' Rule 56(d) Motion [DE 71] is **DENIED**.

4. The Court will issue a separate Final Judgment consistent with this Order

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of August, 2018.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF